IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AVADIM HEALTH, INC., | ) | Case No. 21-10883 (___) |
|           Debtor. | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AVADIM HEALTH IP, INC., | ) | Case No. 21-10884  (___) |
| | ) | |
|           Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BIONOME PROPERTIES CORP., | ) | Case No. 21-10885  (___) |
| | ) | |
|           Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| QUALITY ASSURANCE ASSOCIATES, INC., | ) | Case No. 21-10886 (___) |
| | ) | |
|           Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| RELION MANUFACTURING, INC., | ) | Case No. 21-10887  (___) |
| | ) | |
|           Debtor. | ) | |
| | ) | |

**DEBTORS' MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION
OF RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY**

The above-captioned debtors and debtors in possession (collectively, the

"Debtors"), hereby move (the "Motion") the Court for the entry of an order, substantially in the

form attached hereto as **<u>Exhibit A</u>**, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice

and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rules"),

authorizing and directing the joint administration of the Debtors' related chapter 11 cases for

procedural purposes only.  In support of this Motion, the Debtors state as follows:

**Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the District of Delaware (the

"Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference from the United States District Court for the District of Delaware*,

dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2), and the Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry

of a final order by the Court in connection with this Motion to the extent that it is later determined

that the Court, absent consent of the parties, cannot enter final orders or judgments in connection

herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are section 105(a) of

title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and Local

Rule 1015-1.

**Background**

4.      On the date hereof (the "Petition Date"), each Debtor filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their

businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and

DOCS_DE:234225.2 05792/002

1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

5.       Founded in 2007, Avadim Health, Inc. (collectively referred to herein with its Debtor affiliates as the "Company") is a vertically integrated healthcare and wellness company that sells topical products that improve neuromuscular health and skin barrier health, and are a key element of hospital infection prevention bundles.   Avadim has commercialized a number of products primarily under two brand families:  Theraworx Protect, which targets institutional care and community health, and Theraworx Relief, marketed through retail pharmacies.  As of the end of 2019, the Company's products were used in approximately 300 acute care hospitals, 850 nursing homes and other long-term care facilities, and were available in more than 49,000 pharmacy locations worldwide.  The Company maintains its own research and development, manufacturing and commercialization infrastructure, and is strategically positioned to take advantage of several emerging trends in healthcare: antibiotic stewardship, negativity around opioids, consumerization of healthcare and growth in self-care. The Company's products are designed to take advantage of the increasing desire for easily accessible, self-directed care, with options that are safe and easy to use.

6.       The factual background regarding the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of Keith Daniels, Chief Restructuring Officer of the Debtors, in Support of the*

3

*Debtors' Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>") filed

concurrently herewith and fully incorporated herein by reference[1].

### <u>Relief Requested</u>

7.      By this Motion, the Debtors seek entry of an order directing the joint

administration of their chapter 11 cases and the consolidation thereof for procedural purposes only.

The Debtors also request that the caption of their chapter 11 cases be modified to reflect their joint

administration as follows:

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AVADIM HEALTH, INC., et al.,[1] | ) Case No. 21-10883 (___) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

---

[1]    The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Avadim Health, Inc. (8411); Avadim Health IP, Inc. (7594); Bionome Properties Corp. (6483); Quality Assurance Associates, Inc. (5613); and Relion Manufacturing, Inc. (0430).  The Debtors' business address is 81 Thompson Street, Asheville, NC 28803.

8.      In addition, the Debtors request that the Court direct the Clerk of this Court

(the "<u>Clerk</u>") to make a notation substantially similar to the following on the docket of each Debtor:

> An order (the "<u>Joint Administration Order</u>") has been entered in this case directing the joint administration of the chapter 11 cases listed below for procedural purposes only. The docket in Case No. 21-10883 (___) should be consulted for all matters affecting this case. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order:  Avadim Health, Inc. 21-10883 (___); Avadim Health IP, Inc. 21-10884 (___); Bionome Properties Corp. 21-10885 (___); Quality Assurance Associates, Inc. 21-10886 (___); and Relion Manufacturing, Inc. 21-10887 (___).

---

[1]  Capitalized term used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

4

9.      Finally, the Debtors request that the Court permit use of a combined service list and correspondingly combined notices.

10.     Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  The Debtors are "affiliates" of each other as that term is defined in section 101(2) of the Bankruptcy Code, as Avadim Health, Inc. directly or indirectly owns 100% of the stock or membership interests in, or otherwise controls, the other Debtors.  11 U.S.C. § 101(2).  Further, the Debtors comprise a single business with highly integrated operations that rely on an interconnected network of suppliers, vendors and customers.  Thus, this Court is authorized to consolidate the Debtors' cases for procedural purposes.

11.     Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

12.     The First Day Declaration establishes that joint administration of the Debtors' cases is warranted because it will ease the administrative burden on the Court and all parties in interest.  Joint administration of the Debtors' cases will eliminate the need for duplicate pleadings, notices, and orders on each of the respective dockets and will save the Court, the Debtors, and other parties in interest substantial time and expense when preparing and filing such documents.  Further, joint administration will protect parties in interest by ensuring that they will be apprised of the various motions filed with the Court with respect to each of the Debtors' cases. Therefore, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

13.     Joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases.  Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

14.     Finally, the Debtors submit that use of the simplified caption, without reference to the Debtors' full tax identification numbers, addresses, and previous names will eliminate cumbersome and confusing procedures and ensure uniformity of pleading identification. Other case-specific information will be listed in the petitions for the respective Debtors, and such petitions are publicly available and will be provided by the Debtors upon request.  Therefore, the

Debtors submit the policies behind the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) have been fully satisfied.

## **No Previous Request**

15.     No previous motion or application for the relief sought herein has been made to this or any other court.

## **Notice**

16.     Notice of this Motion shall be given to the following parties: (a) the Office of the United States Trustee; (b) counsel to the Debtors' prepetition and postpetition secured lenders; and (c) the Debtors' thirty five largest unsecured creditors on a consolidated basis.  As the Motion is seeking "first day" relief, within two business days after the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion as required by Del. Bankr. LR 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

DOCS_DE:234225.2 05792/002

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**: (a) authorizing the joint administration of the Debtors' cases for procedural purposes only, (b) directing the Clerk to make the docket entries set forth herein, and (c) granting such other and further relief as is proper.

Dated:  May 31, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*

Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:  ljones@pszjlaw.com
           dbertenthal@pszjlaw.com
           tcairns@pszjlaw.com

and

CHAPMAN AND CUTLER LLP
Larry G. Halperin
Joon P. Hong
1270 Avenue of the Americas
New York, New York 10020
Telephone: 212-655-6000
Facsimile: 212-697-7210
Email: halperin@chapman.com
           joonhong@chapman.com

*Proposed Counsel for the Debtors and Debtors in Possession*