**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AVADIM HEALTH, INC., et al.,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 21-10883 (CTG)<br><br>(Jointly Administered)<br><br>**Docket Ref. No. 86** |

**ORDER (I) ESTABLISHING PROCEDURES FOR
INTERIM COMPENSATION AND REIMBURSEMENT OF
EXPENSES OF PROFESSIONALS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Avadim Health, Inc., and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for entry of an order (i) establishing procedures for interim compensation for services rendered and reimbursement of expenses incurred by attorneys and other professionals who will be retained pursuant to sections 327 or 1103 of title 11 of the United States Code (the "Bankruptcy Code") and are required to file applications pursuant to sections 330 and 331 of the Bankruptcy Code, on terms that satisfy the requirements of Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (such attorneys and professionals, collectively, the "Retained Professionals"), and (ii) granting related relief, all as more fully set forth in the Motion; and the

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Avadim Health, Inc. (8411); Avadim Health IP, Inc. (7594); Bionome Properties Corp. (6483); Quality Assurance Associates, Inc. (5613); and Relion Manufacturing, Inc. (0430). The Debtors' business address is 81 Thompson Street, Asheville, NC 28803.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and this Court having held a hearing, if any, to consider the relief requested in the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted to the extent set forth herein.

2. Except as otherwise provided in an order of this Court authorizing the retention of a Retained Professional, Retained Professionals may seek interim payment of compensation and reimbursement of expenses in accordance with the following compensation procedures (the "Compensation Procedures"):

**Monthly Fee Applications**

    a.    On or after the fifth (5th) day of each calendar month, following the month for which compensation is sought, each Retained Professional seeking interim allowance of its fees and expenses shall file with the Court an application, which will include the relevant time entries and descriptions and expense details for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "Monthly Fee Application"). Retained Professionals may submit

        the first Monthly Fee Application, covering the period from the Petition Date through June 30, 2021, on or after July 5, 2021.

b. Each Retained Professional who files a Monthly Fee Application shall serve a copy of such Monthly Fee Application on the following parties (collectively, the "Fee Notice Parties"): (i) the Debtors, c/o of Carl Marks Advisory Group LLC, 900 Third Avenue, 33rd Floor, New York, NY 10022, Attn: Keith Daniels (kdaniels@carlmarks.com); (ii) proposed counsel for the Debtors, (a) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) Attn: Laura Davis Jones (ljones@pszjlaw.com) and Timothy P. Cairns (tcairns@pszjlaw.com), and (b) Chapman and Cutler LLP, 1270 Avenue of the Americas, New York, New York 10020, Attn: Larry G. Halperin (halperin@chapman.com) and Joon P. Hong (joonhong@chapman.com); (iii) counsel to the DIP Agent and Administrative Agent, (a) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: David N. Giffiths (david.griffiths@weil.com) and Bryan R. Podzius (bryan.podzius@weil.com), and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Zachary I. Shapiro (shapiro@rlf.com); (iv) counsel to the Committee; (v) any fee examiner appointed in these cases; and (vi) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Richard L. Schepacarter (richard.schepacarter@usdoj.gov).

c. Any Retained Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications shall comply with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court.

d. The deadline to object to any Monthly Fee Application is **4:00 p.m. (prevailing Eastern Time)** on the **twenty-first (21st) day** (or the next business day if such day is not a business day) following the date the Monthly Fee Application is served (the "Objection Deadline").

e. To object to a Retained Professional's Monthly Fee Application, the objecting party must (i) file with the Court a written objection (an "Objection") on or before the Objection Deadline, and (ii) serve the Objection upon the affected Retained Professional and each of the Fee Notice Parties such that each Fee Notice Party actually receives the Objection on or before the Objection Deadline.

f. Upon the expiration of the Objection Deadline, a Retained Professional may file a certificate of no objection (a "CNO") with the Court with

      respect to any fees and expenses not subject to an Objection. After a Retained Professional files a CNO, the Debtors will promptly pay the Retained Professional 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application that are not subject to an Objection, subject to the terms of the DIP Order and Approved Budget.

g.    If a portion of the fees and expenses requested in a Monthly Fee Application is subject to an Objection and the parties are unable to reach a consensual resolution, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of any portion of the amounts subject to the Objection, or (ii) forego payment of such amounts until the next hearing to consider interim or final fee applications, at which time the Court will adjudicate any unresolved Objections.

**Interim Fee Applications**

h.    Unless a chapter 11 plan of reorganization or liquidation has become effective, commencing with the period ending December 31, 2020, and at three-month intervals thereafter, Retained Professionals shall file with the Court an application (an "Interim Fee Application") for interim approval and allowance of compensation and reimbursement of expenses sought by such Retained Professional in its Monthly Fee Applications, including any amounts requested in Monthly Fee Applications but yet unpaid, filed during the preceding interim period (each such period, an "Interim Fee Period"). The initial Interim Fee Period will include the period from the Petition Date through September 30, 2021.

i.    Retained Professionals shall file their applicable Interim Fee Applications on or before the forty-fifth (45th) day, or the next business day if such day is not a business day, following the end of each Interim Fee Period.

j.    The Interim Fee Application shall include a brief description identifying the following:

    (i)    the Monthly Fee Applications that are the subject of the request;

    (ii)    the amount of fees and expenses requested;

    (iii)    the amount of fees and expenses paid to date or subject to an Objection;

    (iv)    the deadline for parties to file Objections to the Interim Fee Application (such Objections, the "Additional Objections"); and

    (v)    any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.

DOCS_LA:338296.3 05792/002

k. Additional Objections to any Interim Fee Application shall be filed with the Court and served upon the affected Retained Professional and each of the Fee Notice Parties so as to be actually received by the Retained Professional and each Fee Notice Party on or before **4:00 p.m. (prevailing Eastern Time)** on the **twenty-first (21st) day** (or the next business day if such day is not a business day), following service of the applicable Interim Fee Application.

l. The Debtors may request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may approve and allow an Interim Fee Application without a hearing.

m. Each Retained Professional will serve, via first class mail, its Interim Fee Application and final fee application upon the Fee Notice Parties. Each Retained Professional will serve, via first class mail, a notice of hearing on its Interim Fee Application and final fee application on all parties that have requested notice in this chapter 11 case pursuant to Bankruptcy Rule 2002. No further notice is necessary.

n. Each Retained Professional that is an attorney shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013, in connection with each such attorney's Interim Fee Application and/or final fee application.

o. A pending Objection to compensation or reimbursement of a Retained Professional does not disqualify the Retained Professional from future compensation or reimbursement.

p. Neither (i) the payment of, or the failure to pay, in whole or in part, any interim compensation and reimbursement to a Retained Professional nor (ii) the filing of, or failure to file, an Objection will bind any party in interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred by a Retained Professional. All fees and expenses paid to Retained Professionals under these Compensation Procedures are subject to the terms of the DIP Order and the Approved Budget. All fees and expenses paid to Retained Professionals under these Compensation Procedures are subject to disgorgement until final allowance by the Court.

q. Any member of the Committee may submit statements of expenses (excluding the fees and expenses of an individual Committee member's third-party counsel) and supporting vouchers to the applicable

5

            Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures; <u>provided</u> that, payment of such expenses is not authorized to the extent that such authorization does not exist under the Bankruptcy Code, applicable Third Circuit law, the Bankruptcy Rules, the Local Rules, or the procedures and practices of this Court.

    r.    No Retained Professional may serve a Monthly Fee Application or file an Interim Fee Application until the Court enters an order approving the retention of such Professional pursuant to sections 327 or 1103 of the Bankruptcy Code.

3.    In each Interim Fee Application and final fee application, all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code shall (i) apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court and (ii) make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*.

4.    The amount of fees and expenses sought in any request for compensation and reimbursement of expenses shall be stated in U.S. dollars (if applicable, calculated at the prevailing exchange rate on the date of submission of the relevant fee application).

5.    All payments authorized by this Order may be made solely to the extent in compliance with the Approved Budget (as defined in the interim or final order authorizing the Debtors to obtain postpetition senior secured financing and related relief (the "DIP Order")) then in effect. To the extent there is any inconsistency between the terms of this Order and the DIP Order, the DIP Order shall control.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

8. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**Dated: June 28th, 2021**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**