## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AH LIQUIDATION, INC., et al.,[1] | Case No. 21-10883 (CTG) |
| Debtors. | (Jointly Administered) |

**Objection Deadline: September 15, 2021 at 4:00 p.m. (ET)**
**Hearing Date: September 29, 2021 at 3:00 p.m. (ET)**

### APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN OMNI AGENT SOLUTIONS AS ADMINISTRATIVE AGENT

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") file this application (the "Application") for entry of an order, substantially in the form of **Exhibit A** attached hereto (the "Order"), granting the relief described below. This Application is supported by the *Declaration of Keith Daniels, Debtors' Chief Restructuring Officer, in Support of The Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 3] (the "First Day Declaration"),[2] and the *Declaration of Paul H. Deutch in Support of Application of Debtors for Entry of an Order Authorizing Debtors to Employ and Retain Omni Agent Solutions as Administrative Agent* (the "Deutch Declaration"), which is attached hereto as **Exhibit B** and incorporated by reference herein. In further support of this Application, the Debtors respectfully represent as follows:

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: AH Liquidation, Inc. (8411); AH IP Liquidation, Inc. (7594); BP Liquidation Corp. (6483); QAA Liquidation, Inc. (5613); and RM Liquidation, Inc. (0430). The Debtors' business address is 81 Thompson Street, Asheville, NC 28803.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed in the First Day Declaration or the Order *(I) Authorizing the Sale of Certain Assets of the Debtors Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of All Claims and Liens, Except for Permitted Liens, Encumbrances and Assumed Liabilities, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 239] (the "Sale Order"), as applicable.

## JURISDICTION, VENUE AND LEGAL PREDICATES

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.      Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The legal predicate for the relief requested herein is section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").  The relief is also appropriate under Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1.

## BACKGROUND

4.      On May 31, 2021 (the "Petition Date"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these

5

Chapter 11 Cases.  On June 9, 2021, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

5.    The Debtors previously operated a vertically integrated healthcare and wellness company that sold topical products to improve immune health, neuromuscular health, and skin barrier health.  On August 1, 2021, the Bankruptcy Court entered the Sale Order approving the sale of the Purchased Assets to the Buyer pursuant to the Stalking Horse APA free and clear of all Claims and Encumbrances (the "Sale Transaction").  The Sale Transaction was consummated on August 16, 2021 (the "Closing Date").

## RELIEF REQUESTED

6.    By this Application, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, the Debtors request entry of an order (a) authorizing the Debtors to employ and retain Omni Agent Solutions ("Omni") as administrative agent (the "Administrative Agent") in these Chapter 11 Cases pursuant to that certain engagement agreement (the "Engagement Agreement") by and between the Debtors and Omni, a copy of which is annexed as **Exhibit C** hereto; and (b) granting related relief.  This Application supplements the Debtors' application, pursuant to 28 U.S.C. § 156(c) (the "Section 156(c) Application"), to retain Omni to serve as claims and noticing agent in the Chapter 11 Cases.  This Application seeks approval for Omni to perform duties outside of the scope of 28 U.S.C. § 156(c).

## OMNI'S QUALIFICATIONS

7.    Omni is a chapter 11 administrator comprised of leading industry professionals with significant experience in the administrative aspects of large, complex chapter 11 cases. Omni's professionals have experience in noticing, claims administration, solicitation, balloting

6

and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Omni's professionals have acted as debtors' claims and noticing agent and/or administrative agent in many large bankruptcy cases in this District and in other districts nationwide. Omni has developed efficient and cost-effective methods to handle the voluminous mailings associated with the noticing and claims processing portions of chapter 11 cases to ensure the efficient, orderly, and fair treatment of creditors, equity security holders, and all parties in interest.

## SERVICES TO BE PROVIDED

8.      The Debtors propose to engage Omni to act as their Administrative Agent. The terms of retention and employment of Omni are set forth in the Engagement Agreement. Pursuant to the Engagement Agreement, the Debtors seek to retain Omni to provide, among other things, the following bankruptcy administration services (collectively, the "Administrative Services"), if and to the extent requested:

(a)      Assist with, among other things, solicitation, balloting and tabulation of votes, and preparation of any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;

(b)      Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

(c)      Provide a confidential data room, if requested;

(d)      Manage and coordinate any distributions pursuant to a chapter 11 plan; and

(e)      Provide such other processing, solicitation, balloting, and other administrative services described in the Engagement Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtor, the Court or the Office of the Clerk of the Bankruptcy Court (the "Clerk").

7

9.      The Debtors chose Omni to perform the Administrative Services because of Omni's experience, reputation, familiarity with the Chapter 11 Cases, and the competitiveness of its fees.   The Debtors submit that using Omni to provide the Administrative Services has provided, and will continue to provide, the most cost-effective and efficient administration of the Chapter 11 Cases.   Further, retaining Omni to perform the Administrative Services has allowed, and will continue to allow, the Debtors and their other professionals to focus on key aspects of the Debtors' liquidation efforts.   Accordingly, the Debtors believe that Omni is qualified to provide the Administrative Services and that Omni's retention in such capacity is in the best interests of the Debtors' estates and creditors.

## PROFESSIONAL COMPENSATION

10.      The fees Omni will charge in connection with providing services to the Debtors are set forth in the Engagement Agreement.   The Debtors respectfully submit that Omni's rates are competitive and comparable to the rates its competitors charge for similar services.   The Debtors believe Omni's rates are reasonable given the quality of Omni's services and Omni's bankruptcy expertise.   Additionally, Omni will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Engagement Agreement.

11.      Omni intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred in connection with the services it provides as Administrative Agent pursuant to the Engagement Agreement.   Omni will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses.

12.      Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend and hold harmless Omni and its affiliates, members, directors,

8

officers, employees, consultants, subcontractors, representatives and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Omni's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement.    The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of an Administrative Agent in these Chapter 11 Cases.

## OMNI'S DISINTERESTEDNESS

13.    Omni has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information and belief, and except as disclosed in the Deutch Declaration, Omni is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

14.    Omni believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest.    Omni will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## BASIS FOR RELIEF

**A. Retention and Employment of Omni as Administrative Agent Is Permitted Under Sections 327 of the Bankruptcy Code.**

15.    Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

[M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

16.    Bankruptcy Rule 2014(a) requires that an application for retention include:

[S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, and proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

Fed. R. Bankr. P. 2014.

17.    In light of the size of these Chapter 11 Cases, the Debtors respectfully submit that retaining and employing Omni pursuant to the terms of the Engagement Agreement is necessary, appropriate, and in the best interests of the Debtors' estates and all parties in interest to these Chapter 11 Cases.  The Debtors also believe that the terms and conditions of the Engagement Agreement are reasonable in light of the anticipated high volume of creditors and other parties in interest that will be involved in these Chapter 11 Cases.

18.    Accordingly, to help manage administrative tasks with respect to the hundreds of creditors and other parties in interest that are expected to be involved in the Debtors' Chapter 11 Cases, the Debtors respectfully request the Court enter an order appointing Omni as the Administrative Agent in these Chapter 11 Cases pursuant to sections 327(a), 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

## NOTICE AND NO PRIOR REQUEST

19.    Notice of this Application will be provided to the following parties, or, in lieu thereof, their counsel, if known: (a) the Office of The United States Trustee, 844 King Street,

10

Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Richard Schepacarter, Esq. (Richard.Schepacarter@usdoj.gov); (b) the Debtors' largest unsecured creditors; (c) counsel to the Debtors' prepetition and postpetition secured lender, (i) Weil Gotshal & Manges LLP. 767 Fifth Avenue, New York, New York 10153, Attn: David Griffiths, Esq. (david.griffiths@weil.com) and Bryan R. Podzius, Esq. (bryan.podzius@weil.com), and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Zachary I. Shapiro (shapiro@rlf.com); (d) counsel for the Committee, (i) Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Robert M. Hirsh, Esq. (rhirsh@lowenstein.com) and Eric S. Chafetz, Esq. (echafetz@lowenstein.com), and (ii) Fox Rothschild LLP, 919 North Market Street, Suite 300, Wilmington, Delaware 19899 Attn: Seth A. Niederman, Esq. (sneiderman@foxrothschild.com), Michael A. Sweet, Esq. (msweet@foxrothschild.com), and Gordon E. Gouveia, Esq. (ggouveia@foxrothschild.com); and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

20.    No prior request for the relief sought in this Application has been made to this or any other Court.

11

WHEREFORE, the Debtors respectfully request that the Court enter the order, substantially in the form annexed hereto as **<u>Exhibit A</u>**, granting the relief requested in the Application and such other and further relief as may be just and proper.

Dated:  August 31, 2021

Avadim Health, Inc., *et. al*

By: <u>/s/ *Jonathan Killion*</u>
    Jonathan Killion
    Chief Winddown Officer

DOCS_DE:235748.4 05792/001