## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AH LIQUIDATION, INC., *et al.*,[1] | Case No. 21-10883 (CTG) |
| Debtors.[2] | (Jointly Administered) |
| | **Hearing Date: [•], 2021 at [•] a.m. (EST)** |
| | **Objection Deadline: [•], 2021 at [•] a.m. (EST)** |

**JOINT MOTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER
(A) GRANTING INTERIM APPROVAL OF THE JOINT COMBINED PLAN OF
LIQUIDATION AND DISCLOSURE STATEMENT, (B) GRANTING
APPROVAL OF PROCEDURES FOR THE SOLICITATION AND
TABULATION OF VOTES TO ACCEPT OR REJECT THE COMBINED
PLAN AND DISCLOSURE STATEMENT, (C) SCHEDULING THE
COMBINED HEARING ON FINAL APPROVAL OF THE ADEQUACY
OF DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN,
(D) APPROVING THE FORM OF BALLOTS AND SOLICITATION
PACKAGE, (E) APPROVING THE NOTICE PROVISIONS,
AND (F) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "**Debtors**") and the Official

Committee of Unsecured Creditors (the "**Committee**" and together with the Debtors, the "**Plan**

**Proponents**") hereby move (this "**Motion**"), for entry of an order (the "**Plan Procedures Order**"),

substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a), 1125, 1126, and

1128 of title 11 of the United States Code (the "**Bankruptcy Code**"); Rules 2002, 3016, 3017,

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: AH Liquidation, Inc. (8411); AH IP Liquidation, Inc. (7594); BP Liquidation Corp. (6483); QAA Liquidation, Inc. (5613); and RM Liquidation, Inc. (0430).

[2] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/avadimhealth or, alternatively, via the Bankruptcy Court at https://ecf.deb.uscourts.gov/cgi-bin/login.pl with a Public Access to Court Electronic Records ("PACER") account, which may be obtained at https://pacer.uscourts.gov.  The Debtors' service address in these Chapter 11 Cases is 81 Thompson Street, Asheville, NC 28803.

3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**");
and Rules 3017-1 and 3017-2 of the Local Rules of Bankruptcy Practice and Procedure of the
United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"): (a) granting
approval of the disclosures in the *Joint Combined Chapter 11 Plan of Liquidation and Disclosure
Statement of Avadim Health, Inc. and Certain Affiliate Debtors* [D.I. [•]] (the disclosure statement
portion thereof, the "**Disclosure Statement**" and the chapter 11 plan portion thereof, the "**Plan**,"
as may be modified, supplemented and/or amended from time to time, and collectively, the
"**Combined Plan and Disclosure Statement**"),[3] on an interim basis for solicitation purposes only;
(b) establishing procedures for the solicitation and tabulation of votes to accept or reject the
Combined Plan and Disclosure Statement, including, among other things, approval of (i) the forms
of ballot (the "**Ballot**") for submitting votes on the Combined Plan and Disclosure Statement;
(ii) the deadline for submission of such Ballots; (iii) the proposed solicitation packages to be
distributed to creditors for solicitation of votes on the Combined Plan and Disclosure Statement
(the "**Solicitation Packages**"); (c) scheduling a combined hearing (the "**Combined Hearing**") on
final approval of the Disclosure Statement and confirmation of the Plan; (d) approving the form
and manner of notice of the combined hearing (the "**Combined Hearing Notice**"); and
(e) approving certain additional procedures associated with the confirmation process.  In support
of the Motion, the Plan Proponents, by and through their undersigned counsel, respectfully
represent as follows:

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Combined
Plan and Disclosure Statement.

126006685.1

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b). Under Local Rule 9013-1(f), the Plan Proponents consent to entry of a final order under Article III of the United States Constitution. Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are: Bankruptcy Code sections 105(a), 1125, 1126, and 1128; Bankruptcy Rules 2002, 3016, 3017, 3018, 3020, and 9006; and Local Rules 3017-1 and 3017-2.

## BACKGROUND

### A.      <u>General Background</u>

3.       On May 31, 2021 (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief (the "**Chapter 11 Cases**") under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Keith Daniels, Debtors' Chief Restructuring Officer, In Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "**First Day Declaration**") [D.I. 3] and is fully incorporated herein by reference.  Additionally, Article VI of the Combined Plan and Disclosure Statement provides a detailed description of the Debtors' organizational structure, historical business operations, and summary of the proceedings in these Chapter 11 Cases, and is herein also incorporated by reference.

4.      The Debtors continue as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.  No trustee or examiner has been requested in the Chapter 11 Cases.

5.      On June 9, 2021, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee.

6.      On July 26, 2021, the Court entered the *Final Order (I) Authorizing Debtors to (A) Obtain Postpetition Senior Secured Financing and (B) Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Granting Liens and Superpriority Claims, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [D.I. 209] (the "**DIP Order**") , which, among other things, authorized the Debtors to borrow an amount not to exceed $7.156 million under the DIP Facility**.**  The DIP Order also included a comprehensive settlement between the Debtors, the Committee, the Prepetition Secured Parties, and the DIP Secured Parties, which resolved a number of outstanding issues between the parties in connection with the DIP Motion and the proposed Sale, and paved the way for, among other things, the consensual Sale of the Debtors' Assets to the Buyer, the filing and prosecution of a plan of liquidation and creation and funding of a liquidating trust for the benefit of the Debtors' creditors.  This Global Settlement was achieved after extensive arms-length negotiations among the parties and ended potentially costly discovery and litigation between the Committee, the Debtors, Prepetition Secured Parties, and DIP Secured Parties.

7.      On August 1, 2021, the Court entered the *Order (I) Authorizing the Sale of Certain Assets of the Debtors Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of All Claims and Liens, Except for Permitted Liens, Encumbrances and Assumed Liabilities, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 239] (the "**Sale Order**"), pursuant to

which, among other things, the Court approved the sale (the "**Sale**") of the Purchased Assets (as defined in the Sale Order) to Midava Holdings 3, LLC (n/k/a Avadim Holdings, Inc., the "**Buyer**"). The sale closed on August 16, 2021 [D.I. 263].

8.      On July 21, 2021, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Setting a Bar Date for the Filing of Proofs of Claim by Governmental Units, (III) Setting a Bar Date for the Filing of Requests for Allowance of Administrative Expense Claims, (IV) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (V) Approving the Form of and Manner for Filing Proofs of Claim, (VI) Approving Notice of Bar Dates, (VI) Approving Notice of Bar Dates, and (VII) Granting Related Relief* [D.I. 199] (the "**Bar Date Order**"), pursuant to which certain deadlines were established by which Proofs of Claim against the Debtors must be submitted. Pursuant to the Bar Date Order and the *Notice of Bar Dates for Filing Prepetition Claims and Administrative Claims* [D.I. 1023] (the "**Bar Date Notice**"), among other things, August 31, 2021, 5:00 p.m. (prevailing ET) was established as the "**General Bar Date**" which applies to Administrative Expense Claims arising between the Petition Date and July 31, 2021, and November 29, 2021 was established as the Governmental Bar Date (each as defined in the Bar Date Notice and collectively, the "**Bar Dates**").

B.      **The Combined Plan and Disclosure Statement**

9.      The Combined Plan and Disclosure Statement is a liquidating plan with which the Plan Proponents seek a combined hearing in accordance with Local Rule 3017-2.  The Plan Proponents believe that the proposed Combined Plan and Disclosure Statement provides the most efficient means to liquidate the Debtors' remaining assets and maximize the value of the Debtors' Estates, and make distributions to Creditors.

126006685.1

10.    The Combined Plan and Disclosure Statement contemplates the following classification and treatment of the Classes:

| Class | Estimated Allowed Claims[4] | Treatment | Entitled to Vote | Estimated Recovery to Holders of Allowed Claims[5] |
|---|---|---|---|---|
| Class 1 – Other Priority Claims | $52,635 | Unimpaired | No | 100% |
| Class 2 – Prepetition Lender Claims | $31,702,045[6] | Impaired | Yes | TBD |
| Class 3 – Other Secured Claims | $2,318 | Unimpaired | No | 100% |
| Class 4 – General Unsecured Claims | $12,345,599 | Impaired | Yes | TBD[7] |
| Class 5 – Subordinated Notes Claims | $13,152,506 | Impaired | No | 0% |
| Class 6 – Intercompany Claims | $5,122,035 | Impaired | No | 0% |
| Class 7 – Equity Interests | N/A | Impaired | No | 0% |

---

[4]   These amounts represent estimated Allowed Claims against the Debtors and do not represent amounts actually asserted by creditors in Proofs of Claim or otherwise.  The Plan Proponents have not completed their analysis of Claims in the Chapter 11 Cases, and objections to such Claims have not been Filed and/or fully litigated and may continue following the Effective Date.  Therefore, there can be no assurances of the exact amount of the Allowed Claims at this time.  Rather, the actual amount of the Allowed Claims may be materially greater or lower than estimated.

[5]   The estimated percentage recovery is based upon, among other things, an estimate of the Allowed Claims against the Debtors in the Chapter 11 Cases.  As set forth above, the actual amount of the Allowed Claims may be materially greater or lower than estimated.  Thus, the actual recoveries may be materially higher or lower than projected depending upon, among other things, the amounts and priorities of Claims that are actually Allowed by the Bankruptcy Court and the actual amount of Cash available for Distribution.

[6] This estimated claim amount does not include certain accrued and unpaid interest, fees and penalties on the principal amount outstanding under the Senior Secured Debt Documents, nor does it include other fees, expenses and other non-principal obligations expressly provided under the Senior Secured Debt Documents.

[7] Recoveries for Holders of Allowed General Unsecured Claims will depend almost entirely on recoveries from the Estate Causes of Action.  As of the Effective, there will be at least $200,000 of Liquidating Trust Funding, plus the Committee Fee Savings Amount (if any).  However, as of the Filing of this Combined Plan and Disclosure Statement, it is not possible to estimate with any certainty the portion of these amounts that will be needed to pay Liquidating

11.    The Combined Plan and Disclosure Statement contemplates the deemed substantive consolidation of the Debtors for both voting and Distribution purposes only and includes a request, pursuant to sections 1112 and 305 of the Bankruptcy Code, to dismiss the Chapter 11 Cases of certain debtor entities including: AH IP Liquidation, Inc.; BP Liquidation Corp.; QAA Liquidation, Inc.; and RM Liquidation, Inc. (the "**Dismissed Debtors**") upon the Effective Date.  The dismissal of the Dismissed Debtors from these Chapter 11 Cases upon the Effective Date will preserve the Debtors' already limited resources and enable them to wind down the estates of the remaining Debtor entity (the "**Liquidating Debtor**").

## PROVISIONS TO BE HIGHLIGHTED

12.    Local Rule 3017-2(c)(ii) requires certain provisions be highlighted as follows:

| | |
|---|---|
| Consensual releases/injunctions with respect to claims creditors may hold against non-debtor parties<br><br>Local Rule 3017-2(c)(ii)(A) | Article XIII.D contains certain third party releases. |
| Releases of any claims the debtors may have against non-debtor parties who are insiders of a debtor<br><br>Local Rule 3017-2(c)(ii)(B) | Article XIII.C contains the releases by the Debtor. |
| Exemption under Bankruptcy Code section 1146<br><br>Local Rule 3017-2(c)(ii)(C) | None. |

---

Trust Expenses that are required to be paid prior to making any Distributions to Holders of Allowed General Unsecured Claims.

126006685.1

## RELIEF REQUESTED

13.     The Plan Proponents submit this Motion in connection with the proposed Combined Plan and Disclosure Statement.  The Plan Proponents seek, among other things, entry of the Plan Procedures Order, granting the following relief: (i) interim approval of the Combined Plan and Disclosure Statement for solicitation purposes only on limited notice; (ii) establishing procedures for the solicitation of votes on the Combined Plan and Disclosure Statement (the "Solicitation Procedures") and procedures governing the tabulation of votes on the Combined Plan and Disclosure Statement (the "Tabulation Procedures") to accept or reject the Combined Plan and Disclosure Statement; (iii) approving the form of Ballots; (iv) approving the Solicitation Packages; (v) establishing a Voting Record Date; (vi) fixing the date, time, and place for the Combined Hearing on Final Approval of the Disclosure Statement and Confirmation of the Plan and deadline for filing objections thereto; (vii) approving the related notice provisions; and (viii) granting related relief.

14.     Below is a table highlighting the proposed dates in connection with the relief sought herein.  The proposed dates for upcoming hearings includes the dates requested from the Court in this Motion, and are subject to the Court's availability:

| | |
|---|---|
| Voting Record Date | [•], 2021 (the date of entry of the Plan Procedures Order) |
| Deadline to Mail Solicitation Packages and all Notices | [•], 2021 (3 business days or as soon thereafter as reasonably practicable after the entry of the Plan Procedures Order) |
| Deadline to Object to Claims for Voting Purposes Only | [•], 2021 at 4:00 p.m. (prevailing Eastern time) (7 days after entry of the Plan Procedures Order) |
| Deadline to File Plan Supplement | [•], 2021 at 4:00 p.m. (prevailing Eastern time) (21 days after entry of the Plan Procedures Order) |
| Deadline for Creditors to File Rule 3018 Motions | [•], 2021 at 4:00 p.m. (prevailing Eastern time) (21 days after entry of the Plan Procedures Order) |
| Deadline to Respond to Rule 3018 Motions | [•], 2021 at 4:00 p.m. (prevailing Eastern time) (28 days after entry of the Plan Procedures Order) |

| Voting Deadline for the Combined Plan and Disclosure Statement | [•], 2021 at 4:00 p.m. (prevailing Eastern time) (28 days after entry of the Plan Procedures Order) |
|---|---|
| Combined Plan and Disclosure Statement Objection Deadline | [•], 2021 at 4:00 p.m. (prevailing Eastern time) (28 days after entry of the Plan Procedures Order) |
| Deadline to File Confirmation Brief and Other Evidence Supporting the Combined Plan and Disclosure Statement, and form of Confirmation Order | [•], 2021 at 5:00 p.m. (prevailing Eastern time) (32 days after entry of the Plan Procedures Order or such other date and time as the Court is available) |
| Deadline to File Voting Tabulation Affidavit | [•], 2021 at 5:00 p.m. (prevailing Eastern time) (32 days after entry of the Plan Procedures Order) |
| Combined Hearing | [•], 2021 at 10:00 a.m. (prevailing Eastern time) (35 days after entry of the Plan Procedures Order) |

15.    Additionally, attached to the proposed Plan Procedures Order are a number of exhibits including:

| Exhibit 1 | Combined Hearing Notice |
|---|---|
| Exhibit 2 | Forms of Ballots |
| Exhibit 3 | Publication Notice |

16.    Prior to the hearing on this Motion, the Plan Proponents will file a letter from the Committee to Holders of General Unsecured Claims recommending that they vote in favor of the Plan (the "Committee Support Letter").

**BASIS FOR RELIEF**

**A.  Combined Plan and Disclosure Statement**

17.    Pursuant to Local Rule 3017-2, a combined plan and disclosure statement may be appropriate where: (i) substantially all of the debtor's assets will be liquidated pursuant to a sale under section 363 of the Bankruptcy Code; (ii) the plan of liquidation complies with Bankruptcy Code section 1129(a)(9); (iii) the plan of liquidation does not seek non-consensual releases/injunctions with respect to claims creditors may hold against non-debtor parties; and (iv) the debtor's combined assets to be distributed are worth less than $25 million (excluding

-9-

causes of action).

18.    Here, the Plan Proponents propose to proceed under Local Rule 3017-2 as all four

conditions have been met:

> a.    The Debtors have consummated the sale of substantially all of their assets. Pursuant to the Global Settlement approved by the DIP Order and embodied in the Combined Plan and Disclosure Statement, a reserve will be established for the payment of administrative and priority creditors. The limited remaining assets following the Sale will be transferred to a Liquidating Trust in accordance with the terms of the Global Settlement approved by the DIP Order and embodied in the Combined Plan and Disclosure Statement. The Liquidating Trust Assets will be liquidated under the Combined Plan and Disclosure Statement for the benefit of Holders of Allowed Claims;
>
> b.    The Combined Plan and Disclosure Statement complies with Bankruptcy Code section 1129(a)(9);
>
> c.    The Combined Plan and Disclosure Statement does not seek non-consensual releases with respect to claims creditors may hold against non-debtor parties; and
>
> d.    The Debtors' combined assets for distribution under the Combined Plan and Disclosure Statement will be less than the $25 million threshold.

19.    The Plan Proponents propose the Combined Plan and Disclosure Statement because

resources are limited and they believe that it provides the most efficient means to conclude these

Chapter 11 Cases.

## B.    Interim Approval of the Disclosure Statement is Appropriate

20.    Bankruptcy Code section 1125 requires that disclosure statements be approved by

the Court as having contained "adequate information. 11 U.S.C. § 1125(b). "Adequate

information" is defined by the Bankruptcy Code as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor

typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a).  Therefore, the Combined Plan and Disclosure Statement must, as a whole, provide information which is reasonably practicable to permit an informed judgment by impaired creditors entitled to vote.  *See Krystol-Cadillac-Oldsmobile GMC Truck v. General Motors Corp.,* 337 F.3d 314, 322 (3d Cir. 2003).  The Combined Plan and Disclosure Statement "must clearly and succinctly inform the average creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution."  *In re Fevretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

21.  When evaluating whether a disclosure statement contains "adequate information," bankruptcy courts adhere to Bankruptcy Code section 1125's instruction that making this determination is a flexible exercise based upon the facts and circumstances of each case.  *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *First Am. Bank of New York v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); S. Rep. No. 95- 989, at 121 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5907 ("[T]he information required will necessarily be governed by the circumstances of the case."); *see also In re Ryan-Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996); *In re Autobacs Strauss, Inc.*, 473 B.R. 525, 584 (Bankr. D. Del. 2012).

22.     Here, the Plan Proponents submit that the Combined Plan and Disclosure Statement contains "adequate information" within the meaning of Bankruptcy Code section 1125(a)(1) as it contains the information necessary to allow Holders of Claims to make informed decisions as to whether to vote to accept or reject the Combined Plan and Disclosure Statement, including, among other things:

a.      the events leading to the filing of the Chapter 11 Cases, including the history of the Debtors' businesses and the Debtors' prepetition capital structure;

b.      a summary of the Chapter 11 Cases;

c.      the terms of the Global Settlement;

d.      the classification and treatment of Claims and Interests under the Combined Plan and Disclosure Statement;

e.      information about the Debtors' remaining Assets, including the Liquidating Trust Assets;

f.      the estimated distribution to the Holders of Allowed Claims;

g.      certain risk factors that may be considered in connection with the Combined Plan and Disclosure Statement;

h.      certain federal tax consequences of the Combined Plan and Disclosure Statement;

i.      an overview of the requirements for Confirmation of the Combined Plan and Disclosure Statement;

j.      the procedures for voting on the Combined Plan and Disclosure Statement; and

k.      the means for implementation of the Combined Plan and Disclosure Statement.

23.     At the hearing on this Motion, the Plan Proponents will seek interim approval of the Combined Plan and Disclosure Statement for solicitation purposes only, as the parties will demonstrate that the information set forth therein contains adequate information on a final basis at the Combined Hearing.

126006685.1

### C.      The Request for the Combined Hearing and Hearing-Related Deadlines

### (i)      The Combined Hearing and Objection and Reply Deadlines

24.      Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the Court "may fix the date for the hearing on confirmation."  In accordance with this provision and Local Rule 3017-2(f), the Plan Proponents request that the Combined Hearing on approval of the Combined Plan and Disclosure Statement be set for a date on or about **[•], 2021 at 10:00 a.m. (prevailing ET) (35 days after entry of the Plan Procedures Order or such other date and time as the Court is available)**.  In the interest of orderly procedure, the Plan Proponents further request that objections to confirmation of the Combined Plan and Disclosure Statement, if any, must: (i) be in writing; (ii) state the name and address of each objecting party and the nature of the Claim or Interest of such party; and (iii) be filed with the Court and served on the following parties so that they are received no later than **[•], 2021 at 4:00 p.m. (prevailing ET) (28 days after entry of the Plan Procedures Order)** (the "**Confirmation Objection Deadline**"):

a.      counsel for the Debtors: (i) Pachulski Stang Ziehl & Jones LLP, 919 N. Market St., 17th Floor, Wilmington, Delaware 19801 (Attn: Laura Davis Jones, Esq., ljones@pszjlaw.com); and (ii) Chapman and Cutler LLP, 1270 Avenue of the Americas, New York, New York 10020 (Attn: Larry G. Halperin, Esq., halperin@chapman.com);

b.      counsel to the Official Committee of Unsecured Creditors: (i) Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY 10020 (Attn: Robert M. Hirsh, Esq. (rhirsh@lowenstein.com) and Eric S. Chafetz, Esq. (echafetz@lowenstein.com)); and (ii) Fox Rothschild LLP, 919 North Market Street, Suite 300, Wilmington, Delaware 19899 (Attn: Seth A. Niederman, Esq. (sniederman@foxrothschild.com), Michael A. Sweet, Esq. (msweet@foxrothschild.com), and Gordon E. Gouveia, Esq. (ggouveia@foxrothschild.com));

c.      counsel to the DIP Agent and Administrative Agent: (i) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: David N. Griffiths, Esq. (david.griffiths@weil.com) and Bryan Podzius, Esq. (bryan.podzius@weil.com)); and (ii) Richards, Layton & Finger, P.A., 920 N. King St., Wilmington, Delaware 19801 (Attn: Zachary I. Shapiro, Esq. (shapiro@rlf.com)); and

-13-

> d.    the Office of the United States Trustee for the District of Delaware, Attn: Richard
> L. Schepacarter (richard.schepacarter@usdoj.gov).

25.    The Plan Proponents, in consultation with the DIP Agent and Administrative

Agent, reserve the right to file a consolidated reply to any such objections no later than **[•], 2021,**

**at 5:00 p.m. (prevailing ET) (32 days after entry of the Plan Procedures Order)**.

**(ii)    The Combined Hearing Notice and Publication Thereof**

26.    Bankruptcy Rule 2002(b) requires that a debtor provide notice to all creditors and

parties in interest at least 28 days prior to the Confirmation Objection Deadline.  Local Rule 3017-

2 further requires that the deadline for filing objections to confirmation of combined plans and

disclosure statements be at least 38 days from the date of entry of order approving the voting

procedures and that the combined hearing not be less than 45 days from the date of such order.

The Plan Proponents seek to shorten these deadlines in order to minimize the Debtors' ongoing

restructuring expenses and maximize recoveries for creditors.

27.    Here, the Combined Hearing Notice, attached to the Plan Procedures Order as

Exhibit 1, sets forth: (i) the Voting Deadline for the submission of Ballots to accept or reject the

Combined Plan and Disclosure Statement; (ii) the deadline for filing Rule 3018 Motions (as

defined below); (iii) the time, date, and place of the hearing on final approval of the Combined

Plan and Disclosure Statement; and (iv) instructions for how to obtain copies of the Combined

Plan and Disclosure Statement.

28.    All parties in interest will be served with the Combined Hearing Notice.

Additionally, the Plan Proponents propose to serve the Combined Hearing Notice upon: (i) all

parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in

these Chapter 11 Cases, (ii) state and local taxing authorities in which the Debtors did business,

(iii) the Internal Revenue Service, (iv) the U.S. Trustee, (v) the Buyer; (vi) counsel to the DIP

126006685.1

Agent and Administrative Agent; (vii) all other persons or entities listed on the Debtors' creditor mailing matrix, and (viii) all Holders of Claims or Equity Interests (to the extent not otherwise included in the foregoing).  The Plan Proponents will serve a copy of the Combined Hearing Notice upon such parties by [•], 2021.

29.     Additionally, the Combined Hearing Notice may also be obtained (i) at no charge through the Case Website, https://omniagentsolutions.com/avadimhealth, maintained by Omni Agent Solutions (the "**Claims and Balloting Agent**"); (ii) at no charge to Holders of Claims and Interests upon request by emailing [AvadimHealthBallots@OmniAgnt.com](mailto:AvadimHealthBallots@OmniAgnt.com) or calling (866) 956-2141 (U.S. & Canada) or (818) 646-2208 **(**International); or (iii) for a charge, from PACER at https://pacer.uscourts.gov.

30.     The Plan Proponents therefore request that the Court find that the Combined Hearing Notice complies with Bankruptcy Rules 2002(b) and (d).  The Plan Proponents further request that the Court determine that the Combined Hearing Notice contains sufficient disclosures regarding the release, exculpation, and injunction provisions of the Combined Plan and Disclosure Statement.

**(iii)     Publication Notice**

31.     Pursuant to Bankruptcy Rule 2002(*1*), the Plan Proponents request the Court to authorize, but not direct, the Plan Proponents, with the consent of the DIP Agent and Administrative Agent, to publish notice of the Combined Hearing Notice (the "**Publication Notice**"), substantially in the form attached to the Plan Procedures Order as Exhibit 3.  The Plan Proponents request the authority, with the consent of the DIP Agent and Administrative Agent, but not the requirement, to publish the Publication Notice at least twenty-eight days prior to the Combined Hearing in the *New York Times National Edition* or the cheapest alternative, if any.  The

-15-

Plan Proponents believe that the Publication Notice will provide sufficient notice to parties who do not receive the Combined Hearing Notice by mail.

### (iv)    Establishment of Record Date

32.    Local Rule 3017-2(d) requires that the Plan Procedures Order contain the establishment of a record date pursuant to Bankruptcy Rule 3017(d) and 3018(a).  Bankruptcy Rule 3017(d) provides that the Court may set the date on which a disclosure statement is approved and another date as the record date for determining which holders of securities are entitled to receive solicitation materials, including ballots, for voting on a plan.  The Plan Proponents propose that the Court establish the date on which the court enters the Plan Procedures Order as the record date (the "**Voting Record Date**") for purposes of determining which holders of Claims in the Voting Classes are entitled to receive a Ballot to vote to accept or reject the Combined Plan and Disclosure Statement.

### (v)    Establishment of Voting Deadline

33.    Bankruptcy Rule 3017(c) requires the Court to "fix a time within which the holders of claims and interests may accept or reject the plan."  Further, Local Rule 3017-2(d)(ii) provides that the voting deadline on a combined plan and disclosure statement shall be "not more than ten (10) days prior to the combined hearing."

34.    The Plan Proponents request that the Court fix **[•], 2021 at 4:00 p.m**. **(prevailing Eastern Time) (28 days after the Plan Procedures Order)** (the "**Voting Deadline**") as the deadline by which all Ballots for accepting or rejecting the Combined Plan and Disclosure Statement ***must be received*** by the Claims and Balloting Agent. The proposed Voting Deadline is not more than ten (10) calendar days before the proposed Combined Hearing.  In order to be counted as a vote to accept or reject the Plan, each Ballot must be properly delivered to the Debtors'

-16-

Claims and Balloting Agent by either (i) first class mail, overnight courier, or hand delivery to the Claims and Balloting Agent at the following address: Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, or (ii) online transmission through the Claims and Balloting Agent's balloting platform ("**Ballot Portal**").  In addition to accepting Ballots by regular mail, overnight courier or hand delivery, the Plan Proponents seek authority to accept Ballots via electronic transmission through the Ballot Portal.  The Ballot Portal will be available on Omni Agent Solution's website for these Chapter 11 Cases.  Holders may cast a Ballot and upload the Ballot via the Ballot Portal.  Instructions for uploading a Ballot will be available on the Case Website.  For the avoidance of doubt, the Ballot Portal https://omniagentsolutions.com/AvadimHealth-Ballots shall be the sole accepted means for holders to submit their votes electronically.

### (vi)    Temporary Allowance of Claims for Voting Purposes

35.    The Plan Proponents request that the Court fix **[•], 2021, 4:00 p.m. (prevailing ET) (7 days after entry of the Plan Procedures Order)** as the deadline to object to Claims for voting purposes only (the "**Deadline to Object to Claims for Voting Purposes Only**").  If the Debtors file an objection to a Claim by the Deadline to Object to Claims for Voting Purposes Only, the Holder of that Claim is not permitted to submit a Ballot absent obtaining an order pursuant to Bankruptcy Rule 3018(a).  Pursuant to Bankruptcy Rule 3018(a), "the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."

36.    To the extent the Plan Proponents, with the consent of the DIP Agent and Administrative Agent, object to any Claims prior to the Deadline to Object to Claims for Voting Purposes Only, or if any claimant in a Voting Class wishes to challenge the temporary allowance

-17-

of its Claim for voting purposes based on the Tabulation Procedures, the Plan Proponents request that the Court fix (i) **[•], 2021, 4:00 p.m. (prevailing Eastern Time) (21 days after entry of the Plan Procedures Order)** (the "**Rule 3018(a) Motion Deadline**") as the deadline for filing and serving such motions pursuant to Bankruptcy Rule 3018(a) ("**Rule 3018(a) Motions**"); and (ii) **[•], 2021, 4:00 p.m. (prevailing Eastern Time) (28 days after entry of the Plan Procedures Order)** (the "**Rule 3018(a) Objection Deadline**") as the deadline for filing any objection to a Rule 3018(a) Motion.

37.      In accordance with Bankruptcy Rule 3018, the Plan Proponents further propose that any Ballot submitted by a Holder of a Claim that files a Rule 3018(a) Motion will be counted solely in accordance with the Tabulation Procedures and other applicable provisions contained herein unless and until the underlying Claim is temporarily Allowed by the Bankruptcy Court for voting purposes in a different amount, after notice and a hearing.

### D.      The Court Should Approve the Solicitation Procedures

38.      Consistent with the requirements of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, the Plan Proponents seek approval of the following procedures to solicit acceptances or rejections of the Combined Plan and Disclosure Statement.

39.      Under the Combined Plan and Disclosure Statement, Holders of Claims in Class 2 (Prepetition Lender Claims) and Class 4 (General Unsecured Claims) are impaired, and thus, entitled to vote to accept or reject the Combined Plan and Disclosure Statement (the "**Voting Classes**").

40.      Under the Combined Plan and Disclosure Statement, Holders of Claims in Class 1 (Other Priority Claims) and Class 3 (Other Secured Claims) are unimpaired, and thus, deemed to accept the Combined Plan and Disclosure Statement and are not entitled to vote.  Holders of Claims

-18-

in Class 6 are impaired, however, subject to the terms of the Global Settlement, the Debtors, as the Holders of Intercompany Claims and Plan Proponents, are deemed to accept the Plan.

41.     Under the Combined Plan and Disclosure Statement, Holders of Claims and Interests in Class 5 (Subordinated Note Claims) and Class 7 (Equity Interests) are impaired and deemed to reject the Combined Plan and Disclosure Statement (together with the Holders of Claims in Class 1 and Class 3, the "**Non-Voting Classes**").  Therefore, Holders of Claims and Interests in Class 5 and Class 7 are not entitled to vote on the Combined Plan and Disclosure Statement.

**(i)     Contents of the Solicitation Package**

42.     Bankruptcy Rule 3017 sets forth the materials required to be provided to Holders of Claims and Interests in the Voting Classes. In accordance with Bankruptcy Rule 3017(d), following the entry of the Plan Procedures Order, the Plan Proponents propose to distribute, or cause to be distributed, to each Holder of a Claim in the Voting Classes, the Solicitation Package, by first class mail which shall contain the following materials:

a.  the Combined Hearing Notice, which contains a hyperlink to the Combined Plan and Disclosure Statement and the Plan Procedures Order;

b.  an appropriate Ballot, including voting instructions and a pre-addressed, postage prepaid return envelope;

c.  the Committee Support Letter; and

d.  such other materials as the Court may direct.

43.     The service of these Solicitation Packages will be completed by [•], 2021.

**(ii)    Forms of Ballot for Voting Classes**

44.     In accordance with Bankruptcy Rules 3017(d) and 3018(c), the Plan Proponents propose to mail the holders of Claims entitled to vote on the Combined Plan and Disclosure Statement, a Ballot, substantially in the forms attached to the Plan Procedures Order as Exhibit 2.

-19-

The Ballots are substantially similar to Official Form No. 314, but have been modified so that it is consistent with specific provisions of the Combined Plan and Disclosure Statement. The Plan Proponents propose that the appropriate forms of Ballot be distributed to the Voting Classes.

### (iii)    Return of Notices of Solicitation Packages

45.    Due to the number of Solicitation Packages the Plan Proponents anticipate will be served, some of the Solicitation Packages or other solicitation-related notices may be returned as undeliverable. Because sending Solicitation Packages and other notices to outdated or otherwise improper addresses results in needless expense to the Debtors' Estates, the Plan Proponents request authority to not provide notice or service of any kind upon any Person to whom the Debtors mailed a notice of the meeting of creditors under Bankruptcy Code section 341, notice of the Sale, or notice of the applicable Bar Dates and received any of such notices returned by the United States Postal Service marked "undeliverable as addressed," "moved--left no forwarding address," "forwarding order expired" or similar marking or reason, unless the Debtors have been informed in writing by such Person of that Person's new address.

46.    The Plan Proponents submit that the foregoing procedures regarding the provision of notice of the Combined Hearing and related matters comply with Bankruptcy Rules 2002 and 3017. Accordingly, the Plan Proponents request that the Court approve the above-described notice as good and sufficient in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

### (iv)    Non-Substantive or Immaterial Modifications

47.    While the Plan Proponents have endeavored to ensure that all documents contained within the Solicitation Packages are in their final form, the Plan Proponents, with the consent of the DIP Agent and Administrative Agent, reserve their right to make non-substantive or immaterial

changes to the Combined Plan and Disclosure Statement and related documents without further order of the Court, including, but not limited to: changes to correct typographical and grammatical errors, and to make conforming changes among the Combined Plan and Disclosure Statement and any other materials comprising the Solicitation Packages.

### E.    The Court Should Approve the Voting and Tabulation Procedures

### (i)    The Voting Procedures

48.    Bankruptcy Code section 1126(c) provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

49.    The Plan Proponents propose that only the following Holders of Claims in the Voting Classes be entitled to vote with regard to such Claims:

a.    Holders of Claims who have filed a timely Proof of Claim that (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date, and (ii) is not the subject of a pending objection, other than a "reduce and allow" objection.  A Holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent a further Order of the Court.

b.    Holders of Claims who are listed in the Schedules, provided that such Claim is not scheduled entirely as contingent, disputed, or unliquidated;

c.    Holders of Claims temporarily allowed to vote on the Combined Plan and Disclosure Statement pursuant to Bankruptcy Rule 3018(a);

d.    Holders of Claims whose Claims are in an amount agreed upon by the Debtors, with the consent of the DIP Agent and Administrative Agent, evidenced in a document filed with the Court, in an Order entered by the Court, or otherwise memorialized document pursuant to authority granted by the Court; and

e.    The assignee of any Claim that was transferred on or before the Voting Record Date by any Entity described in subparagraphs (a) through (d) above; provided

that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e).

**(ii)     The Tabulation Procedures**

50.     The Plan Proponents propose that the following Ballots will not be counted or considered:

a.     any Ballot received after the Voting Deadline, unless the Bankruptcy Court grants an extension to the Voting Deadline with respect to such Ballot or the Plan Proponents, with the consent of the Administrative Agent and the DIP Agent, agree to such extension;

b.     any Ballot that is illegible or contains insufficient information;

c.     any Ballot cast by a Person or Entity that does not hold a Claim in a Voting Class;

d.     any Ballot timely received that is cast in a manner that indicates neither acceptance nor rejection of the Combined Plan and Disclosure Statement, or that indicates both acceptance and rejection of the Combined Plan and Disclosure Statement;

e.     simultaneous duplicative Ballots voted inconsistently;

f.     Ballots partially rejecting and partially accepting the Combined Plan and Disclosure Statement;

g.     any Ballot received other than the official form sent by the Omni Agent Solutions;

h.     Any Ballot sent to a Person other than the Claims and Balloting Agent;

i.     any unsigned Ballot; or

j.     any Ballot that is submitted by facsimile or e-mail, except via the Ballot Portal, unless the Plan Proponents, with the consent of the DIP Agent and Administrative Agent, agree to accept such Ballot by facsimile or e-mail.

51.     The Plan Proponents also propose to use the following Tabulation Procedures:

a.     Unless otherwise provided in these Tabulation Procedures, a Claim will be deemed temporarily allowed for voting purposes only in an amount equal to:  (i) the amount of such Claim as set forth in the Debtors' Schedules if no proof of Claim has been timely filed in respect of such Claim (except as provided in subsection (c) below); or (ii) if a proof of Claim has been timely

-22-

filed in respect of such Claim, the amount set forth in such proof of Claim (except as provided in subsection (d) below);

b.      Duplicative Claims (*i.e.*, the same Claim asserted against two or more of the Debtors in the same Voting Class) listed in the Debtors' Schedules or in timely-filed proofs of Claim will be deemed temporarily allowed for voting purposes only in an amount equal to one such Claim and not in an amount equal to the aggregate of such Claims;

c.      If a Claim, for which no proof of Claim has been timely filed, is listed on the Schedules, but is listed as contingent, unliquidated or disputed, either in whole or in part, or if no Claim amount is specified, such Claim shall be disallowed for voting purposes; provided, however, that any undisputed portion, if any, of such Claim will be deemed temporarily allowed for voting purposes, subject to the other Tabulation Procedures;

d.      If a Claim, for which a proof of Claim has been timely filed, has not been disallowed and is not subject to a pending objection or adversary proceeding as of the Deadline to Object to Claims for Voting Purposes Only, is marked or otherwise referenced on its face, or as determined after a reasonable review by the Claims and Balloting Agent, as contingent, unliquidated or disputed, either in whole or in part, or if no Claim amount is specified on such proof of Claim, such Claim shall be temporarily allowed solely for voting purposes in the amount of $1.00, irrespective of how such Claim may or may not be set forth on the Schedules; provided, however, that any undisputed portion, if any, of such Claim will be deemed temporarily allowed for voting purposes, subject to the other Tabulation Procedures;

e.      If a Holder of a Claim identifies a Claim amount in its Ballot that is different than the amount otherwise calculated in accordance with the Tabulation Procedures, the claim will be temporarily allowed for voting purposes in the lesser amount identified on such Ballot;

f.      If the Plan Proponents have served an objection or request for estimation as to a Claim on or before the Deadline to Object to Claims for Voting Purposes Only, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and manner as set forth in such objection;

g.      Claims filed for $0.00 are not entitled to vote;

h.      For purposes of the numerosity and amount requirements of Bankruptcy Code Section 1126(c), based on the Plan Proponents' reasonable determinations, in consultation with the DIP Agent and Administrative Agent, with respect to the Voting Class, separate Claims held by a single Creditor against the Debtors within the same Voting Class will be

-23-

aggregated as if such Creditor held a single Claim against the Debtors in such Voting Class, and the votes related to those Claims shall be treated as a single vote on the Combined Plan and Disclosure Statement.

i.    The method of delivery of Ballots to be sent to the Claims and Balloting Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Claims and Balloting Agent actually receives the original executed Ballot. Delivery of a Ballot by submission through the Balloting Agent's Ballot platform at https://omniagentsolutions.com/AvadimHealth-Ballots is valid provided such submission complies with the instructions to submit such Ballot detailed herein and on the applicable Ballot.

j.    If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect such Holder's intent and will supersede and revoke any prior Ballot.

k.    Creditors with multiple Claims within the Voting Class must vote all such Claims in the Voting Class to either accept or reject the Combined Plan and Disclosure Statement, and may not split their vote(s).

l.    In the event a Claim is transferred after the transferor has executed and submitted a Ballot to the Claims and Balloting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Voting Record Date.

m.    Unless otherwise provided, any party who has delivered a valid Ballot for the acceptance or rejection of the Combined Plan and Disclosure Statement may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Claims and Balloting Agent at any time prior to the Voting Deadline. To be valid, a notice of withdrawal must (a) contain the description of the Claim(s) to which it relates and the aggregate principal amount represented by such Claim(s); (b) be signed by the withdrawing party in the same manner as the Ballot being withdrawn; and (c) contain a certification that the withdrawing party owns the Claim(s) and possesses the right to withdraw the vote sought to be withdrawn. The Plan Proponents, in consultation with the DIP Agent and Administrative Agent, intend to consult with the Claims and Balloting Agent to determine whether any withdrawals of Ballots were received and whether the requisite acceptances of the Plan have been received. The Plan Proponents, with the consent of the DIP Agent and Administrative Agent, expressly reserve the right to contest the validity of any such withdrawals of Ballots.

n.    A person signing a Ballot in his or her capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or

-24-

otherwise acting in a fiduciary or representative capacity of a Holder of a Claim must indicate such capacity when signing.

o.    Neither the Plan Proponents, nor any other Entity, will be under a duty to provide notification of defects or irregularities with respect to delivered Ballots, other than as provided in the Voting Report, nor will any of them incur liability for failure to provide such notification.

p.    Unless waived by the Plan Proponents, with the consent of the DIP Agent and Administrative Agent, or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline, or such Ballots will not be counted.

q.    The Claims and Balloting Agent will date-stamp all Ballots when received. The Claims and Balloting Agent shall retain the original Ballots and electronic copy of the same for a period of one year after the Effective Date, unless otherwise ordered by the Court.

52.    The Plan Proponents, with the consent of the DIP Agent and Administrative Agent, reserve the right to waive any of the above-specified requirements for completion and submission of Ballots.

**(iii)    The Voting Report**

53.    The Plan Proponents propose that the Claims and Balloting Agent file its report (the "**Voting Report**") on or before **[•], 2021, 5:00 p.m. (prevailing Eastern Time) (32 days after entry of the Plan Procedures Order)**. The Voting Report will contain, among other things: the voting results on a consolidated basis; a certification of the amount and number of Allowed Claims in each Class accepting or rejecting the Combined Plan and Disclosure Statement; a report delineating every Ballot which does not conform to the voting instructions; and a report listing those Holders of Claims who have opted out of the third party releases contained in Article XIII of the Combined Plan and Disclosure Statement.

## NOTICE

54.    Concurrent with the filing of this Motion, the Plan Proponents are filing the *Joint*

*Motion of the Debtors and the Official Committee of Unsecured Creditors for Entry of an Order (I) Shortening Notice of Hearing on Motion Seeking Conditional Approval of Disclosure Statement and (II) Granting Related Relief* (the "**Motion to Shorten**") and are providing notice of the Motion to: (i) the Office of the United States Trustee; (ii) counsel to the DIP Agent and Administrative Agent; and (iii) all persons and entities that have filed a request for service of filings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  The Plan Proponents respectfully submit that, in light of the nature of the relief requested and the circumstances, no other or further notice need be given.

## NO PRIOR REQUEST

55.    No previous request for the relief sought herein has been made to this Court or any other Court.

**WHEREFORE**, for the reasons stated herein, the Plan Proponents respectfully request that the Court enter the Plan Procedures Order substantially in the form attached hereto as <u>Exhibit A</u>, grant the relief requested in this Motion, and grant such other relief as the Court deems just and proper.

Dated:    September 3, 2021
        Wilmington, Delaware

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP** | **FOX ROTHSCHILD LLP** |
| /s/ Timothy P. Cairns | /s/ Seth A. Niederman |
| Laura Davis Jones (DE Bar No. 2436) | Seth A. Niederman (DE No. 4588) |
| David M. Bertenthal (CA Bar No. 167624) | 919 North Market Street, Suite 300 |
| Timothy P. Cairns (DE Bar No. 4228) | Wilmington, DE 19899-2323 |
| 919 North Market Street, 17th Floor | Telephone: (302) 654-7444 |
| P.O. Box 8705 | Facsimile: (302) 656-8920 |
| Wilmington, Delaware 19899 (Courier 19801) | Email: sniederman@foxrothschild.com |
| Telephone: (302) 652-4100 | |
| Facsimile: (302) 652-4400 | -and- |
| Email:  ljones@pszjlaw.com | |

dbertenthal@pszjlaw.com
tcairns@pszjlaw.com

Michael A. Sweet (*admitted pro hac vice*)
345 California Street, Suite 2200
San Francisco, California 94104
Telephone: (415) 364-5540
Facsimile: (415) 391-4436
Email: msweet@foxrothschild.com

-and-

Gordon E. Gouveia (*admitted pro hac vice*)
321 North Clark Street, Suite 1600
Chicago, IL 60654
Telephone: (312) 980-3816
Facsimile: (312) 517-9201
Email: ggouveia@foxrothschild.com

**CHAPMAN AND CUTLER LLP**
Larry G. Halperin
Joon P. Hong
1270 Avenue of the Americas
New York, New York 10020
Telephone: 212-655-6000
Facsimile:212-697-7210
Email:halperin@chapman.com
       joonhong@chapman.com

*Counsel for the Debtors*

**LOWENSTEIN SANDLER LLP**
Robert Hirsh (*admitted pro hac vice*)
Eric Chafetz (*admitted pro hac vice*)
1251 Avenue of the Americas New York,
NY 10020 Telephone: (212) 262-6700
Email:  rhirsh@lowenstein.com
        echafetz@lowenstein.com

*Counsel for the Official Committee of
Unsecured Creditors*

126006685.1